MAX THOSS, RESPONDENT, v. VALENTINE OLB, APPELLANT.

Submitted March 26, 1923—Decided June 18, 1923.

1. S., an automobile dealer and owner of a car recently received from the manufacturer, being indebted to T., executed and delivered to T. a bill of sale for the car. T., after procuring registration of the car in his name, and fire and theft insurance, left the car in the show rooms of S., to be sold by S., for his account. S. was also indebted to O., and later made a contract with O. to deliver on a future date said car to O. for $3,200, to be applied to the reduction of S.'s note to O. of $3,500. S. also executed to O., on the day of making the contract, a bill of sale for the car. O., before the date of delivery, replevined the car from S. T., upon learning of the action of O., demanded the car and upon O.'s refusal to deliver, issued a writ of replevin. O. claimed property, gave security and retained possession of the car. At the trial the court submitted to the jury the question as to whether the bill of sale given by S. to T. was an absolute bill of sale or a conditional bill of sale in the nature of a chattel mortgage, and void because unrecorded. *Held*, that the trial judge ruled correctly in refusing to nonsuit or direct a verdict for the defendant, and in submitting the question of the intention of the parties to the transaction to the jury.

.2. Upon the facts recited above—*Held*, that the trial judge properly admitted in evidence the registration card and policy of insurance obtained by T., as these were evidential upon the question of the intention of the parties and the *bona fides* of the transaction which were questions of fact for the determination of the jury.

On appeal from the Hudson County Circuit Court.

For the respondent, *Kappes & Hille* (*Charles Wm. Kappes*, of counsel).

For the appellant, *William F. Burke*.

The opinion of the court was delivered by

KATZENBACH, J.  Edward Siebachmeier, of West Hoboken, was, in the month of June, 1922, a dealer in automobiles. He was an agent for the Winton car. He had borrowed from one Max Thoss the sum of $4,750 and had given to Thoss

his note for this amount. On June 13th, 1922, Siebachmeier was the owner of a new Winton six car, model 40, manufacturer's No. 3338. On that day he executed and delivered to Thoss a bill of sale for this car. The bill of sale was prepared by the town clerk of Union Hill, was witnessed by two persons, and acknowledged before a notary public in accordance with the provisions of chapter 168 of the laws of 1919. *Pamph. L., p.* 357. Thoss immediately thereafter made application to the commissioner of motor vehicles for registration of the car in his name, which was granted. Thoss received the credentials of registration. He also had the car insured in his name against fire and theft. Thoss had no garage in which to store the car so he agreed with Siebachmeier that the car should be left in the show rooms of Siebachmeier with authority to sell for the account of Thoss at the regular sales price. One Valentine Olb, had loaned to Siebachmeier $3,500, for which Olb held a note. On July 8th, 1922, Olb and Siebachmeier entered into an agreement by which Siebachmeier sold the same car to Olb for $3,200, to be delivered on July 14th, 1922. On the same day, July 8th, 1922, Siebachmeier executed a bill of sale to Olb for the car, who surrendered the $3,500 note to Siebachmeier and received from him a $300 note. Olb did not obtain delivery of the car, but on July 13th, 1922, caused to be issued against Siebachmeier a writ of replevin under which the car was taken and delivered to Olb. Thoss, upon learning of this transaction, demanded of Olb the car, and upon Olb's refusal sued out of the Hudson County Circuit Court a writ of replevin. Olb filed a claim of property, gave security, and retained possession of the car. Upon the trial a verdict in favor of Thoss, the plaintiff, for the value of the car and interest, was rendered. From the judgment entered upon this verdict, Olb has appealed.

The appellant contends that the bill of sale given by Siebachmeier to Thoss was merely security for the debt owed him and was in effect a chattel mortgage, and not having been recorded as a chattel mortgage was void as against Olb who was a purchaser in good faith, and that the trial court erred

in not having either nonsuited Thoss or directed a verdict for Olb. This contention is unsound. If the bill of sale given by Siebachmeier to Thoss was an absolute bill of sale and not a conditional bill of sale, in the nature of a chattel mortgage given as security for the money loaned by Thoss, then the title of the car had passed under the bill of sale to Thoss, and Siebachmeier could not give to Olb title to a car which Thoss owned. Whether the Thoss bill of sale was absolute or conditional was a question of fact to be determined by the jury. There was evidence in the form of the instrument, in the securing by Thoss of the registration of the car in his name, the procuring of fire and theft insurance, and the testimony of Thoss and Siebachmeier with reference to the transaction which would warrant the finding by a jury that the title of the car was in Thoss. Whether a contract of sale has been made between the vendor and the vendee or not, and if it has, what are its terms, are always questions of fact to be settled by a jury. *Smalley* v. *Hendrickson*, 29 *N. J. L.* 371. There was also evidence that Olb was not a *bona fide* purchaser without notice of the fact that Siebachmeier could not give him a good title to the car. Thoss had the right to have this evidence submitted to the jury, on the theory of the case advanced by the defense. We see no error in the rulings of the trial judge which permitted the jury to pass upon these questions of fact.

The appellant also contends that the trial judge erred in admitting in evidence the registration card obtained by Thoss and the policy of insurance, as they were self serving. As the question involved was the intention of the parties to the bill of sale and the *bona fides* of that transaction, anything done by the plaintiff at the time which would evidence his intention was admissible.

The exception taken by the appellant to that portion of the charge of the trial judge which left it to the jury to determine whether the sale to Thoss was absolute or conditional, which is argued upon the brief for the appellant, presents the same question first above considered. Upon this question we feel no further comment is required. The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-
CHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK,
KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN
BUSKIRK, JJ. 13.

*For reversal*—None.